UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA
:
           - v. -                                    :    CONSENT PRELIMINARY ORDER
                                                      OF FORFEITURE AS TO SPECIFIC
                                                     :    PROPERTY AND SUBSTITUTE
BRANDON SCERRI,                             ASSETS/MONEY JUDGMENT
:
                Defendant.                            S1 25 Cr. 165 (CS)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about October 23, 2025, BRANDON SCERRI (the "Defendant"), was charged in a three-count Superseding Information, S1 25 Cr. 165 (CS) (the "Superseding Information"), with brandishing of a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii) (Count One); and bank robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2 (Counts Two and Three);

        WHEREAS, the Superseding Information included a forfeiture allegation as to Count One of the Superseding Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Superseding Information;

        WHEREAS, the Superseding Information also included a forfeiture allegation as to Counts Two and Three of the Superseding Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Superseding Information, including but not limited to a sum of money in United States currency

representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Superseding Information;

WHEREAS, the Superseding Information included a Substitute Assets provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about June 20, 2024, the Government seized the following specific property from the Defendant's jacket at the time of his arrest:

    a. $15,829.90 in United States currency (the "Seized Currency");

    b. A silver .38 Smith & Wesson Special revolver, #DNT8293; and

    c. Five .38 caliber bullets;

WHEREAS, on or about ~~January 7,~~ October 23, 2025, the Defendant pled guilty to Counts One through Three of the Superseding Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three of the Superseding Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), (i) a sum of money equal to $7,605 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two and Three of the Superseding Information; and (ii) any and all firearms and ammunition involved in or used in the offense charged in Count One of the Superseding Information, including but not limited to:

    a. A silver .38 Smith & Wesson Special revolver, #DNT8293, seized from the Defendant's jacket on or about June 20, 2024; and

    b. Five .38 caliber bullets seized from the Defendant's jacket on or about June 20, 2024;

(JDH for BDS)

(a. and b., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $7,605 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts Two and Three of the Superseding Information that the Defendant personally obtained (the "Money Judgment");

WHEREAS, the Defendant consents, pursuant to Title 21, United States Code, Section 853(p), to the forfeiture of $7,605 of the Seized Currency (the "Substitute Assets") to the United States as substitute assets towards satisfaction of the Money Judgment;

WHEREAS, the Defendant further consents, pursuant to Title 28, United States Code, Section 2044, to the application of $8,224.90 of the Seized Currency towards the restitution obligation to be imposed against Defendant in this case (the "Restitution Funds");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Counts Two and Three of the Superseding Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property and Substitute Assets to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by Jay Clayton, United States Attorney, Assistant United States Attorney Jared D. Hoffman, of counsel, and the Defendant and his counsel, Francis O'Reilly, that:

1. As a result of the offense charged in Count One of the Superseding Information, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. As a result of the offenses charged in Counts Two and Three of the Superseding Information, to which the Defendant pled guilty, a money judgment in the amount of $7,605 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts Two and Three of the Superseding Information that the Defendant personally obtained, shall be entered against the Defendant.

3. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant BRANDON SCERRI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. In accordance with Title 28, United States Code, Section 2044, the Restitution Funds currently in possession of the Government shall be turned over to the Clerk of the Court to be applied towards the satisfaction of the restitution ordered in this case.

6. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

7. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and the Substitute Assets and to hold such property in its secure custody and control.

9. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property or the Substitute Assets must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property and/or the Substitute Assets, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and/or the Substitute Assets, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property and/or the Substitute Assets, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and the Substitute Assets pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Substitute Assets forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13. Subject to the terms set forth above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of Substitute Assets of the Defendant up to the uncollected amount of the Money Judgment.

14. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

15. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____     10/23/25
    JARED HOFFMAN                        DATE
    Assistant United States Attorney


BRANDON SCERRI

By: _____     10-23-25
    BRANDON SCERRI                       DATE
    Defendant

By: _____     10/23/25
    FRANCIS O'REILLY, ESQ.               DATE
    Attorney for Defendant
    1735 Post Road, Suite 2C
    Fairfield, CT 06824


SO ORDERED:

_____         10/23/25
HONORABLE CATHY SEIBEL                  DATE
UNITED STATES DISTRICT JUDGE